ISAAC STILES *vs.* AARON H. ALLEN.

No exception lies to the admission in evidence of a deposition taken out of the Common· wealth on commission, although the certificate of the magistrate before whom it was taken does not show that the oath was administered to the deponent in the proper form.

The simple verification of a signature by a witness does not entitle the adverse party to see the document or to cross-examine the witness upon it, until it is offered in evidence.

If the title to property is in controversy, a claimant who is alleged to have purchased it, knowing that the title which he took was invalid, and without paying a valuable consideration therefor, may prove the conversation concerning the title, which took place at the time of the purchase under which he claims, although the other party to the suit was not present.

TORT to recover damages for breaking and entering the plaintiff's close, and taking and carrying away various articles of personal property. The answer denied the several allegations of the declaration.

At the trial in the superior court, before *Rockwell*, J., the plaintiff claimed that he purchased the property of one Bugbee, who purchased it of one Pearson, who purchased it of the defendant, and offered in evidence a bill of sale from Bugbee to himself. He was also allowed to introduce in evidence, under objection, the deposition of Bugbee taken in camp, in Virginia, under a commission, the magistrate's certificate upon which set forth that the deponent being "duly cautioned and sworn to testify the truth, the whole truth, and nothing but the truth, in answer to the several interrogatories and cross-interrogatories thereto annexed," gave the answers, &c.

The plaintiff, while testifying in his own behalf, was asked

Stiles *v.* Allen.

by his counsel if he knew the signature to a paper which was shown to him, and replied that he did. The defendant's coun- sel claimed the right to examine the paper and to cross-examine the plaintiff upon it; but, as the paper was not then offered in evidence, he was not allowed to do either. After the introduc- tion of evidence by the defendant, the plaintiff was again called, and his counsel was allowed, against the defendant's objection, to put the paper in evidence.

The defendant contended that the consideration paid by the plaintiff to Bugbee for the articles in controversy was of no value, and that the plaintiff knew that Bugbee had no real title; and the plaintiff, after stating the value of the consideration paid by him, was allowed, under objection, to state the conver- sation between himself and Bugbee at the time of his purchase, which was, that Bugbee informed him that he had a good title, and that Pearson paid the defendant a mortgage for $1000, and a note of $100, for the property.

The jury returned a verdict for the plaintiff, and the defend- ant alleged exceptions.

*D. H. Mason,* for the defendant.

*N. B. Bryant,* for the plaintiff.

BIGELOW, C. J. 1. If the objection taken to the caption of the deposition be well founded, which we are not prepared to admit, it did not render the deposition inadmissible. Having been taken out of the state, it was within the discretion of the court to admit or reject it, notwithstanding the magistrate omit- ted to comply with some of the formalities required by law. Gen. Sts. *c.* 131, § 37. To the exercise of this discretion no exception can be taken.

2. The interrogatory put to the plaintiff concerning the signa- ture of the paper shown to him was immaterial, unless the doc- ument was put into the case as evidence. Until it was offered in proof, the counsel for the adverse party had no right to see it, nor to cross-examine the witnesses concerning it. It was irreg- ular for the counsel for the plaintiff to ask any question con- cerning a document which he produced and showed to the witness, unless he intended to offer it as part of his evidence.

But this irregularity worked no wrong to the defendant, and did not authorize him to insist that the document should be put in proof, or to cross-examine the witness concerning it. Besides; at a subsequent stage of the trial it was offered in evidence, and the defendant had full opportunity to interrogate the plaintiff on the subject of its execution, and all matters in any way connected with it. He is, therefore, in no degree aggrieved by the ruling of the court on this point. The time of the introduction of the document, whether it was offered as evidence in chief or in rebuttal, does not give the defendant any ground of exception, as the order of proof is always within the discretion of the court.

3. The evidence of the conversation which took place at the time the plaintiff purchased the property in controversy was rightly admitted to disprove the allegation set up by the defendant, that the plaintiff had purchased without any consideration a title to the property which he knew to be defective and of no value. *Exceptions overruled.*